UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY ELLEN PICKETT, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:13-CV-1295 (JCH) |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| COMMISSIONER OF SOCIAL | : | MARCH 23, 2015 |
| SECURITY, | : | |
|     Defendant. | : | |

**RULING RE: OBJECTION TO RECOMMENDED RULING (Doc. No. 20)**

**I.  INTRODUCTION**

Plaintiff Nancy Ellen Pickett brings this action under section 1631(c)(3) of the Social Security Act (the "Act") to review a final decision of the Commissioner of Social Security (the "Commissioner").  See 42 U.S.C. § 1383(c)(3).  Magistrate Judge Holly B. Fitzsimmons issued a Recommended Ruling on Cross Motions ("Rec. Ruling") (Doc. No. 19) denying the Commissioner's Motion to Affirm (Doc. No. 17) and granting Pickett's Motion for Judgment on the Pleadings (Doc. No. 12).  The Commissioner objects to the Recommended Ruling, arguing that the case should not be remanded because the only error committed by the administrative law judge (the "ALJ") was harmless.  See Defendant's Objection to the Recommended Ruling ("Def.'s Obj.") (Doc. No. 20).  The court assumes familiarity with the Recommended Ruling.

**II.  STANDARD OF REVIEW**

A district court reviews de novo those portions of a magistrate judge's recommended ruling to which an objection is made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The remainder of the recommended ruling will be set aside "only for

clear error." Campbell v. Astrue, 596 F. Supp. 2d 446, 448 n.1 (D. Conn. 2009).  The court may adopt, reject, or modify, in whole or in part, a magistrate judge's recommended ruling.  See 28 U.S.C. § 636(b)(1).

In review of a Social Security disability determination, a court will set aside the decision of an ALJ "only where it is based upon legal error or is unsupported by substantial evidence."  Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998).  As the Supreme Court has instructed, substantial evidence means more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation and citation omitted).  Rather, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Further, the substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact.  See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998).

Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently.  See Eastman v. Barnhart, 241 F. Supp. 2d 160, 168 (D. Conn. 2003).  In other words, "[w]here an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner."  Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).

### III.   DISCUSSION

The Commissioner's sole objection to the Recommended Ruling is that the error committed by the ALJ was harmless.  The Commissioner argues that "the ALJ's failure to specifically discuss [the State agency physicians'] opinions was harmless to Plaintiff

because those opinions were not significantly more favorable to her than the [residual functional capacity] finding." Def.'s Obj. 5.  Some background is necessary to assess the Commissioner's argument.

The ALJ determined that Pickett had the residual functional capacity ("RFC") to perform the full range of light work.  Transcript of Proceedings ("Tr.") (Doc. Nos. 11-1–11-8) at 21.  The ALJ made this determination despite multiple opinions of Pickett's treating physician concluding that Pickett could not perform even sedentary work.  See id. at 22.  The ALJ did not give these opinions controlling weight because they were "not consistent with [the treating physician's] own treatment records."  Id. at 22.  Although the State agency physicians both concluded that Pickett had the RFC to perform her past relevant work as a cashier, see Rec. Ruling 19–20, the ALJ did not explicitly rely on the State agency physicians in either her RFC analysis or her decision not to accord the treating physician's opinions controlling weight.  See id. at 21–24.

On appeal, Pickett argued, inter alia, that the ALJ failed to follow the treating physician rule because she failed to identify substantial evidence contradicting the treating physician's opinions.  See Rec. Ruling 27.  In response to this argument, the Commissioner argued that the treating physician's notes constituted substantial evidence inconsistent with the treating physician's opinions.  See Defendant's Motion to Affirm Decision of Commissioner (Doc. No. 17) at 6.  Therefore, according to the Commissioner, the ALJ could properly consider the State agency physicians' opinions because they were consistent with the substantial evidence supporting the ALJ's rejection of the treating physician's opinion, i.e., the treating physician's notes.  See id.

The Recommended Ruling remands the case so that the ALJ can evaluate and assign weight to the non-treating physicians' opinions. Specifically, the Magistrate Judge explained that, "[b]ecause the ALJ did not give the opinions of plaintiff's treating source controlling weight, [she] was obliged to consider all of the listed factors in deciding the weight to give any medical opinion . . . and to explain the weight given to the State agency physicians." Rec. Ruling 29 (internal quotation marks and brackets omitted). The Recommended Ruling acknowledges that, as long as a reviewing court can ascertain the rationale of an ALJ's decision, the ALJ need not mention, discuss, or analyze every piece of evidence. See id. at 30. However, even considering this flexibility, the Magistrate Judge determined that the ALJ's failure to determine the weight of the State agency physicians' opinions resulted in inadequacies that "frustrate[d] meaningful review.'" Id. at 30 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

The Commissioner argues that, although the ALJ committed error in failing to explain the weight given to the State agency physicians, such error was harmless because those physicians' opinions "were not significantly more favorable to her than the RFC finding." See Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010). In particular, the Commissioner points out that the burden falls on the plaintiff to demonstrate prejudice caused by the error and that she does not carry that burden in this case. See Def.'s Obj. 5. For the purposes of this Ruling, the court assumes that the State agency physicians' opinions were "not significantly more favorable" to Pickett than the ALJ's RFC determination.

4

The premise underlying the Commissioner's argument is that the ALJ relied on substantial evidence inconsistent with the treating physician's opinions and in support of her RFC finding. Because "a reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action,'" Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (quoting Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962), the ALJ's error was harmless only if the ALJ cited substantial evidence to support her rejection of the treating physician rule and her RFC determination.

The Recommended Ruling is correct to remand the case because it is not clear what evidence the ALJ relied upon in making her RFC determination. The Recommended Ruling does not explicitly state that the ALJ did not cite substantial evidence in support of her RFC determination, but it correctly implies that this may be the case. This is especially true in light of the fact that "an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." Hilsdorf v. Comm'r of Soc. Sec., 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

The Recommended Ruling remands the case not merely because the ALJ did not follow the regulations; it remands the case because the ALJ's failure to follow the regulations precludes "meaningful review." See Rec. Ruling 30. The court understands the Recommended Ruling's rationale to mean that the ALJ did not assign weight to conflicting medical evidence in a clear enough way for the Magistrate Judge to determine whether the record could support the ALJ's RFC finding or her decision not to give controlling weight to the treating physician. The ALJ stated that she gave "due consideration but . . . not . . . controlling weight" to the treating physician's opinions. Tr.

5

23.  However, she did not explain what "due consideration" meant or how much weight she had given such opinions, aside from the fact that they were not controlling.  See id.  Presumably, in giving the opinions "due consideration," the ALJ gave some weight to the treating physician's opinions.  The ALJ erred by then concluding, contrary to the conclusions of the treating physician's opinions, that there was "nothing in the record that would indicate that the claimant could not perform the full range of light work."  Id. at 24.  The ALJ erroneously reached this conclusion without discussing the State agency physicians' opinions or explaining the relative weight of those opinions versus the "due" weight given to the treating physician's opinions.  See Rec. Ruling 29.

This is not necessarily harmless error.  Had the ALJ fully explained the weight given to the treating physician's opinions relative to the weight given to the State agency physicians' opinions, she may (or may not) have determined that the former opinions were more believable or reliable.  This case, therefore, is unlike Zabala, where remand was "unnecessary" because "application of the correct legal standard could only lead to one conclusion."  Zabala, 595 F.3d at 409.  Here, more than one conclusion could be reached.

## IV.    CONCLUSION

For the foregoing reasons, and because the court finds no clear error in the parts of the Recommended Ruling not addressed herein, the **OVERRULES** the Objection (Doc. No. 20) and **AFFIRMS, ADOPTS, AND RATIFIES** the Recommended Ruling (Doc. No. 19).  Therefore, as explained in the Recommended Ruling, Pickett's Motion for Judgment on the Pleadings (Doc. No. 12) is **GRANTED** and the Commissioner's Motion to Affirm (Doc. No. 17) is **DENIED**.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 23rd day of March, 2015.

                                                      /s/ Janet C. Hall
                                                    Janet C. Hall
                                                    United States District Judge